**Mahmoud Emin MUMUN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71408.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 29, 2004.

* This disposition is not appropriate for publica-

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Mahmoud Emin Mumun petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of removal. We deny the petition for review.

tion and may not be cited to or by the courts

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Because the BIA conducted an independent review of the record, we review the BIA's decision under the substantial evidence standard and must uphold it unless the evidence compels a reasonable factfinder to reach a contrary result. *See Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000).

The BIA issued its decision under the assumption that Mumun had established past persecution and was therefore entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the BIA's conclusion that the government rebutted the presumption afforded by past persecution by changed country conditions in Bulgaria. The BIA specifically relied upon the change in government following the 1996 and 1997 elections, economic and anti-corruption reforms, the State Department's report of improved relations between ethnic Turks and other Bulgarians, and that Mumun's religion is now an officially recognized religion in Bulgaria. This report was accompanied by a cover letter noting that:

> The applicant left Bulgaria shortly before the traumatic change in course that has vastly improved the governance of the country. We do not discern a basis on which he can plausibly maintain that we would be mistreated on return to his country.

Given the State Department reports and analysis, substantial evidence supports the BIA's conclusion that the government had rebutted the presumption of future persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding the BIA's reliance on country condition reports where the BIA makes an individualized analysis of how changed conditions will affect petitioner's specific situation).

**PETITION DENIED.**

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

